**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NA'QUAN THOMAS,<br>   **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-0149** |
| | : | |
| THE ARBOR COMPANY, *et al.*,<br>   **Defendants.** | : | |
| | : | |

**MEMORANDUM**

**COSTELLO, J.**                                                                                    **MAY 13, 2026**

In a prior Memorandum and Order, the Court dismissed Na'quan Thomas's Complaint

alleging federal and state law claims arising from his termination by Defendant the Arbor

Company ("Arbor").  *Thomas v. The Arbor Company*, No. 26-0149, 2026 WL 751897 (E.D. Pa.

March 16, 2026) ("the March Memorandum").  Thomas was granted leave to file an amended

complaint if he was able to plead additional facts to cure the defects identified in his claims.

Currently before the Court is Thomas's Amended Complaint (ECF No. 7 ("Am. Compl.")),

reasserting many of the claims set forth in his original Complaint.  For the following reasons,

Thomas's Amended Complaint will be dismissed with prejudice for failure to state a claim

pursuant to 28 U.S.C. § 1915.

I.      **FACTUAL ALLEGATIONS**[1]

Thomas's allegations in the Amended Complaint largely repeat those in his original

Complaint.  He states that he was hired on December 10, 2025, as a caregiver at the Terrace at

Willistown by Defendants Arbor and Blue Ridge Senior Housing LLC ("Blue Ridge").  (Am.

Compl. at 1.)  On January 7, 2026, during his regular shift, Thomas was assigned to unit MC3.

---

[1] The factual allegations are taken from the Amended Complaint (ECF No. 7).  The Court
adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

(*Id.*)  While Thomas was escorting his assigned residents to the dining hall for dinner around 4:30 pm, his co-worker Rose Hay "abruptly stopped [Thomas] in an aggressive and hostile manner" and ordered Thomas to go to Room 114, part of Hay's unit, and bring the resident there to dinner.  (*Id.* at 2.)  Thomas found the resident asleep and woke him, informing him that it was time for dinner, but the resident declined to come to dinner.  (*Id.*)  Thomas informed Hay of the resident's decision, and she became irate, stating "this [expletive] is lazy.  I told you to go get him.  I don't care if he is not on your assignment."  (*Id.*)  Shortly thereafter, the Memory Care Director, Defendant Monique Fordyce, approached Thomas and told him, "Can you go get room 114 or go home and I can do your job[,]" which Thomas understood to mean that he would be fired.  (*Id.*)  When Thomas asked for Fordyce's name, she responded, "You can have my social security number for all I give a [expletive]."  (*Id.*)  Mary Macklin, another employee, stated "Na'Quan is not in the wrong" but Fordyce was dismissive of Macklin's comment.  (*Id.*)

Thomas was called later that day to a meeting with Executive Director Alexis Principle. (*Id.*)  Thomas states he "was not allowed to fully explain what occurred and was repeatedly interrupted."  (*Id.*)  He asserts that "[n]o investigation was conducted, no witnesses were interviewed, and [he] was not asked to provide a written statement."  (*Id.*)  Principle then informed Thomas he was being fired, stating, "[y]ou can clock out and you're terminated because [you] should have listened to Monique."  (*Id.* at 3.)  As a result of his termination, Thomas asserts he suffered loss of income, emotional distress, humiliation, and damage to his professional reputation.  (*Id.*)  He asserts claims under Title VII for discrimination, a hostile work environment, and retaliation.  He seeks monetary damages and attorney's fees.  (*Id.* at 3-4.)

## II.    STANDARD OF REVIEW

Because the Court previously granted Thomas leave to proceed *in forma pauperis*, his case remains subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  This requires the Court to screen and dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Thomas is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 245).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per*

3

*curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Thomas again asserts claims under Title VII for discriminatory discharge, hostile work environment, and retaliation.  For reasons set forth below, his reasserted claims are not plausible.

### A.    Employment Discrimination

As the Court previously instructed, one way of pleading a plausible Title VII employment discrimination claim is to allege a *prima facie* case.  To make out a *prima facie* case of discriminatory discharge under Title VII a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) the employment action suggests an inference of discrimination because of his membership in the protected class, such as might occur when the position is filled by a person not of the protected class.  *See March Memorandum*, 2026 WL 751897, at *2 (citing *Reese v. Horizon Blue Cross Blue Shield of N.J.*, No. 08-1382, 2008 WL 5188853, at *2 (D.N.J. Dec. 10, 2008)).  The Court previously dismissed Thomas's discriminatory discharge claim because he failed to allege any facts suggesting that he suffered discrimination based on his membership in a protected class.  *Id. at* *3-4.  Thomas's Amended Complaint suffers from the same basic defect.  He states that he "is a member of a protected class . . . was qualified for his position [and] was treated differently than similarly situated employees outside of his protected class.  [He] was subjected to hostility, verbal abuse, and ultimately termination under circumstances giving rise to an inference of discrimination."  (Am. Compl. at 3.)  However, Thomas does not state of what

4

protected class he is a member. *See, e.g.*, *McClaren v. NJ State Dep't of Educ.*, No. 14-3213, 2015 WL 337481, at *5 (D.N.J. Jan. 26, 2015) ("Here, Plaintiff has failed to allege the most fundamental element: that she is a member of a protected class for the purposes of Title VII. While she makes several allegations regarding treatment of African American employees, she never identifies her own race or ethnicity. Membership in a protected class is a fundamental aspect of a Title VII claim and in the absence of any pleadings regarding what protected class Plaintiff is a member [of], the claim fails on this basis."); *see also Rich v. Univ. of Del.*, No. 22-27, 2023 WL 4265457, at *3 (D. Del. June 29, 2023) ("Plaintiff fails to establish a prima facie case of racial discrimination in employment under Title VII. Plaintiff's amended complaint does not expressly allege that he is a member of a protected class"). Even if Thomas were to allege, as in his original Complaint, that he is African-American, the Amended Complaint fails to assert any facts indicating that he was treated differently than similarly situated employees based on his race or terminated because of his race. Accordingly, any race-based discrimination claim is not plausible. *See, e.g.*, *Favors v. Sec'y U. S. Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (affirming dismissal of national origin discrimination claim where plaintiff had "submitted nothing but the naked assertion that he was discharged because he is Honduran"). Because he fails to allege any facts indicating that he suffered discrimination based on his membership in a protected class, Thomas's Title VII employment discrimination claim is again not plausible and will be dismissed.

**B.      Hostile Work Environment**[2]

As the Court previously explained to Thomas, to plead a hostile work environment claim, a plaintiff must allege: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *March Memorandum*, 2026 WL 751897, at *3 (citing *Starnes v. Butler Cnty. Ct. of Common Pleas*, 971 F.3d 416, 428 (3d Cir. 2020) and *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014)).  In support of his hostile work environment claim, Thomas alleges he was "subjected to severe and pervasive harassment, including profanity, threats, and abusive conduct by both a coworker and a supervisor." (Am. Compl. at 3.)  He asserts, "[t]his conduct was unwelcome, based on discriminatory treatment, and was sufficiently severe to alter the conditions of Plaintiff's employment and create an abusive working environment." (*Id*.)  He describes unpleasant interactions with various coworkers and supervisors, (*see id*. at 2-3), however as with his employment discrimination claim, Thomas makes no allegation that his mistreatment was related to his race or another protected characteristic.  His hostile work environment claim is therefore not plausible and will be dismissed.  *See Oncale*, 523 U.S. at 80; *see also Wiggins v. Universal Prot. Servs. LLC*, No. 22-1491, 2022 WL 4116912, at *3 (3d Cir. Sept. 9, 2022) (*per curiam*) ("Wiggins did not state a prima facie case for a hostile work environment claim, as he did not make factual allegations that could suggest that his workplace was "permeated with *discriminatory* intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to

---

[2] Thomas does not specify the basis for his hostile work environment claim, but the Court infers that his claim is brought under Title VII.

alter the conditions of [his] employment and create an abusive working environment."

(alterations in original)).

### C.  Retaliation

The Court previously advised Thomas that to state a plausible Title VII retaliation claim a

plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that

discovery will reveal evidence of the following elements: (1) she engaged in conduct protected

by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists

between her protected conduct and the employer's adverse action." *March Memorandum*, 2026

WL 751897, at *3 (quoting *Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 789 (3d Cir. 2016)).

In support of his retaliation claim, Thomas asserts that he "engaged in protected activity by

asserting proper work procedures, questioning improper conduct, and attempting to follow

assigned responsibilities."  (Am. Compl. at 3.)  However, as the Court previously explained to

Thomas, only opposition to conduct prohibited by Title VII constitutes protected activity, *see*

*March Memorandum*, 2026 WL 751897, at *3 (citing *Ahmed v. Lowe's Home Ctrs., Inc.*, 346 F.

App'x 816, 819 (3d Cir. 2009) ("To qualify as protected conduct under Title VII, Ahmed must

show that he made Lowe's aware that he felt he was being discriminated against specifically

because of his race or national origin.")).  Thomas again does not allege that he was opposing

discrimination based on his race or any other protected category, but only that he was "asserting

proper work procedures, questioning improper conduct, and attempting to follow assigned

responsibilities."  (Am. Compl. at 3.)  Without any allegation that he suffered adverse treatment

because he opposed conduct prohibited by Title VII, Thomas's retaliation claim is not plausible

and will be dismissed.  *See Stevens v. Philly Liv Bacon LLC*, No. 24-2467, 2025 WL 1094166, at

*4 n.11 (E.D. Pa. Apr. 11, 2025) (dismissing plaintiff's Title VII retaliation claim

because "there are no allegations in the [Amended Complaint] that describe conduct prohibited by Title VII") (citing *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 134 (3d Cir. 2006)).

## IV.    CONCLUSION

For the foregoing reasons, the Amended Complaint will be dismissed.  Having provided Thomas with a second opportunity to state his claims plausibly, the Court concludes that further attempt at amendment would be futile, therefore the dismissal will be with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *see also Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *2 (3d Cir. Oct. 8, 2025) (*per curiam*) (affirming dismissal with prejudice where district court instructed plaintiff about the deficiencies in his complaint and gave leave to amend but the plaintiff's "subsequent filing did not heed the Court's direction"). An order of dismissal will be entered separately.  Fed. R. Civ. P. 58(a).

BY THE COURT:

_____
**MARY KAY COSTELLO, J.**